AO 106 (Rev. 04/10) Application for a Search Warrant (modified)

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

**FILED**

NOV 1 2 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

In the Matter of the Search of

IN THE MATTER OF THE SEARCH OF:
Ten electronic devices:
(i)      a Beyond Micro brand Mobile Disk External Data
Storage device, model number BMMDU2, grey and black in
color, approximately eleven by four and a half by one inch in
size (Subject Device 1);
(ii)     a Iomega brand Hard Drive, black in color,
approximately ten by four and a half by one inch in size
(Subject Device 2);
(iii)    a PNY Performance brand SD HC 16 Gigabyte (GB)
Media Card, black in color, capable of storing 3.5 hours of HD
video (Subject Device 3);
(iv)     a Gateway brand desktop style computer, model
SX2802, serial number PTGA1020080020208D3000,
including all component parts (Subject Device 4);
(v)      HP Pavilion All-in-One computer, model TPC-Q017-
23, serial number 8CC551028D, including all component parts
(Subject Device 5);
(vi)     HP brand laptop computer, model Envy M4, serial
number 4CN30406N2, including all component parts (Subject
Device 6);
(vii)    SanDisk brand MicroSD card, 128 GB in size
(Subject Device 7);
(viii)   Western Digital brand portable (external) hard drive,
model WD5000 MCL, serial number WXNX08SF5879, 500
GB in size (Subject Device 8);
(ix)     Western Digital brand portable (external) hard drive,
model WD10EAVS, serial number WCAU44615362, 1
Terabyte (TB) in size (Subject Device 9);
(x)      Western Digital brand portable (external) hard drive,
model WD10EAVS, serial number WCAU47294270, 1
Terabyte (TB) in size (Subject Device 10);
CURRENTLY LOCATED AT the FBI Redding Resident
Agency Office, 1900 Churn Creek Road, Suite 201, Redding,
CA 96002.

Case No.

2:19 SW 1016      KJN

)
)
)
)
)
)

## APPLICATION FOR A SEARCH WARRANT

I, Russell Quiniola a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the _____Eastern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑   evidence of a crime;

☐   contraband, fruits of crime, or other items illegally possessed;

☐   property designed for use, intended for use, or used in committing a crime;

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252 | Possession of Child Pornography |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☒   Continued on the attached sheet.

☐   Delayed notice _____ days (give exact ending date if more than 30 _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Russell Quiniola, Special Agent FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   Nov. 12, 2019

_____
*Judge's signature*

City and state:   Sacramento, California

Kendall J. Newman, U.S. Magistrate Judge
*Printed name and title*

McGREGOR W. SCOTT
United States Attorney
MIRA CHERNICK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Search of: | CASE NO. |
| ten electronic devices: (i) a Beyond Micro brand Mobile Disk External Data Storage device, model number BMMDU2, grey and black in color, approximately eleven by four and a half by one inch in size (Subject Device 1); (ii) a Iomega brand Hard Drive, black in color, approximately ten by four and a half by one inch in size (Subject Device 2); (iii) a PNY Performance brand SD HC 16 Gigabyte (GB) Media Card, black in color, capable of storing 3.5 hours of HD video (Subject Device 3);  (iv) a Gateway brand desktop style computer, model SX2802, serial number PTGA1020080020208D3000, including all component parts (Subject Device 4); (v) HP Pavilion All-in-One computer, model TPC-Q017-23, serial number 8CC551028D, including all component parts (Subject Device 5); (vi) HP brand laptop computer, model Envy M4, serial number 4CN30406N2, including all component parts (Subject Device 6); (vii) SanDisk brand MicroSD card, 128 GB in size (Subject Device 7); (viii) Western Digital brand portable (external) hard drive, model WD5000 MCL, serial number WXNX08SF5879, 500 GB in size (Subject Device 8); (ix) Western Digital brand portable (external) hard drive, model WD10EAVS, serial number WCAU44615362, 1 Terabyte (TB) in size (Subject Device 9); (x) | AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH DEVICE |

Western Digital brand portable (external) hard drive, model WD10EAVS, serial number WCAU47294270, 1 Terabyte (TB) in size (Subject Device 10); CURRENTLY LOCATED AT the FBI Redding Resident Agency Office, 1900 Churn Creek Road, Suite 201, Redding, CA 96002.

1.     I, Russell Quiniola, being first duly sworn, hereby depose and state as follows:

## I.     INTRODUCTION AND AGENT BACKGROUND

2.     I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

3.     I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), and have been since March 2016.  I am currently assigned to the Sacramento Division.  While employed with the FBI in Sacramento I have been assigned to investigate, among other things, child exploitation crimes.  I have received training and guidance from other FBI Special Agents who specialize in cybercrime and crimes involving the sexual exploitation of children, and have reviewed numerous examples of child pornography (as defined in 18 U.S.C. 2256).  Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. 2251 and 2252, and I am authorized by the Attorney General to request a search warrant.

4.     This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## II.     IDENTIFICATION OF THE DEVICE TO BE EXAMINED

5.     The property to be searched consists of ten electronic devices: (i) a Beyond Micro brand Mobile Disk External Data Storage device, model number BMMDU2, grey and black in color, approximately eleven by four and a half by one inch in size (Subject Device 1); (ii) a Iomega brand Hard Drive, black in color, approximately ten by four and a half by one inch in size (Subject Device 2); (iii) a PNY Performance brand SD HC 16 Gigabyte (GB) Media Card, black in color, capable of storing 3.5 hours of HD video (Subject Device 3);  (iv) a Gateway brand desktop style computer, model SX2802,

serial number PTGA1020080020208D3000, including all component parts (Subject Device 4); (v) HP

Pavilion All-in-One computer, model TPC-Q017-23, serial number 8CC551028D, including all

component parts (Subject Device 5); (vi) HP brand laptop computer, model Envy M4, serial number

4CN30406N2, including all component parts (Subject Device 6); (vii) SanDisk brand MicroSD card,

128 GB in size (Subject Device 7); (viii) Western Digital brand portable (external) hard drive, model

WD5000 MCL, serial number WXNX08SF5879, 500 GB in size (Subject Device 8); (ix) Western

Digital brand portable (external) hard drive, model WD10EAVS, serial number WCAU44615362, 1

Terabyte (TB) in size (Subject Device 9); (x) Western Digital brand portable (external) hard drive,

model WD10EAVS, serial number WCAU47294270, 1 Terabyte (TB) in size (Subject Device 10),

hereinafter the "Subject Devices".  The Subject Devices are currently located at the FBI Redding

Resident Agency Office, 1900 Churn Creek Road, Suite 201, Redding, CA 96002.

   6. The applied-for warrant would authorize the forensic examination of the Subject Devices

for the purpose of identifying electronically stored data particularly described in Attachment B.

## III. **PROBABLE CAUSE**

   7. On August 2, 2016, Deputies of the Shasta County Sheriff's Office ("Deputies") received

a telephone call from Donald Mobley (MOBLEY) of Cottonwood, CA regarding an electronic device

that contained child pornography.  MOBLEY stated that he operated a facility that provided temporary

housing and assistance to U.S. Army veterans on his property in Cottonwood.  Through this facility,

MOBLEY provided subject, William Dan Powell (POWELL), temporary housing in a trailer home at

the facility, located at 4100 Two Feathers Road, Cottonwood, CA beginning in May of 2016.  POWELL

lived alone in this trailer.  Around the middle of June, 2016, POWELL informed MOBLEY that he

would be staying in a hotel in Redding, CA.  On or about July 30, 2019, MOBLEY had received no

further information about POWELL's status so he entered the trailer and began removing the items that

had been left by POWELL.  During this effort, MOBLEY noticed a 16 GB SD memory card, Subject

Device 3, located on top of a table in the trailer.  Hoping to use the memory card for his own camera,

MOBLEY put it into his camera to see if it was blank.  Viewing the contents of the memory card

through his camera, MOBLEY observed several images of prepubescent females in sexually explicit

poses.

8.      Soon afterwards, MOBLEY contacted Deputies and provided consent for them to view the contents of Subject Device 3.  Deputies reviewed the device and confirmed that it contained five folders, each with names beginning with "LS", which contained over one hundred images of girls appearing to be between ten and twelve years old.  The images were staged with professional photography backgrounds and portrayed the girls wearing little to no clothing in sexually suggestive poses.  MOBLEY also provided Deputies consent to search the trailer and items therein.  Inside, Deputies found a Beyond Micro brand Mobile Disk External Data Storage device, model number BMMDU2, grey and black in color, approximately eleven by four and a half by one inch in size (Subject Device 1), and a Iomega brand hard drive, black in color, approximately ten by four and a half by one inch in size (Subject Device 2).  Based on this information, Deputies received authorization to search and seize Subject Devices 1, 2 and 3, on August 10, 2016, pursuant to State of California, County of Shasta, Search Warrant number 2016-208.  In addition to the child pornography, Deputies also found on Subject Device 3 a two-and-a-half-hour video comprised of surreptitious recordings of young girls, including juveniles, in sexually suggestive or revealing clothes and a separate video featuring POWELL discussing a court case he was involved in.  Deputies also found the following relevant items on Subject Device 1: (a) sixteen images of pre-pubescent females in sexually explicit positions, posing nude; (b) numerous images of subject POWELL.  On Subject Device 2, Deputies found the following relevant items: (a) over 600 images of pre-pubescent females, either engaged in sexual intercourse or in sexually explicit positions, often exposing their genitalia and breasts; (b) two videos depicting pre-pubescent females dancing nude and in sexually suggestive positions; (c) scanned copies of POWELL's California Identification Card, CDL# B7525271, Stanislaus County Superior Court paperwork belonging to POWELL, and several images of POWELL.

9.      In May of 2019, Deputies requested a California Department of Motor Vehicles report on POWELL, which revealed POWELL's most recent reported address to be 1635 Lake Boulevard, Redding, CA 96003.  A criminal history report on POWELL revealed that on May 3, 2017, the Redding Police Department investigated complaints from an elementary school, which is visible from POWELL's backyard, regarding POWELL standing in the nude and observing the elementary school children from behind his sliding glass window.  When questioned, POWELL claimed that he was not

naked but was wearing tight grey briefs-style underwear. Further, the criminal history report revealed Redding Police Department interviewed a fifteen year old victim who believed she may have been drugged and sexually assaulted by POWELL.

10.     On June 6, 2019, Deputies of the Shasta County Sheriff's Office obtained a warrant to arrest POWELL and search his property located at 1635 Lake Boulevard, Redding, CA 96003, pursuant to State of California, County of Shasta, Search Warrant number 2019-135. On June 13, 2019, Deputies executed a search and arrest warrant for POWELL and seized Subject Devices 4–10 at the aforementioned address. On June 17, 2019, Shasta County Sheriff's Office reached out to FBI Sacramento Division to request FBI consideration in pursuing federal child pornography charges against subject. Deputies provided FBI with a report detailing their findings from the search of Subject Devices, and provided FBI access to an electronic system that allowed FBI to view copies of child pornography videos and images found on Subject Devices 4–10.

11.     Subject Devices 1–10 were held at Shasta County Sheriff's Office, 300 Park Marina Circle, Redding, CA 96001 until October 18, 2019, when they were transferred to FBI custody. Subject Devices were previously lawfully seized and searched by state authorities pursuant to the State of California search warrants and selected images, videos, and documents recovered by Shasta County Sheriff's Office were provided to the FBI. However, Affiant seeks this warrant to view Subject Devices in substantially the same state, to the extent material to this investigation, as they were when Subject Devices first came into the possession of law enforcement. Additionally, Affiant seeks to review the contents of Subject Devices to uncover evidence relevant to federal criminal laws, including 18 U.S.C. 2252, and to conduct an examination by a Special Agent trained in cyber-crime and an analysis by the National Center for Missing and Exploited Children (NCMEC) to identify victims of child exploitation.

12.     The Device is currently in the lawful possession of the Federal Bureau of Investigation ("FBI"). It came into the Federal Bureau of Investigation ("FBI")'s possession in the following way: In August of 2016, Deputies of the Shasta County Sheriff's Office ("Deputies") seized Subject Devices 1–3 pursuant to a state search warrant. In June of 2019, Deputies executed a state search and arrest warrant for POWELL and seized Subject Devices 4–10 at POWELL's residence, 1635 Lake Boulevard, Redding, CA 96003. The Subject Devices were turned over to the FBI upon request by the Shasta

County Sheriff's Office and are currently located at the FBI Redding Resident Agency Office, 1900 Churn Creek Road, Suite 201, Redding, CA 96002. Therefore, while the Federal Bureau of Investigation ("FBI") might already have all necessary authority to examine Subject Devices, I seek this additional warrant out of an abundance of caution to be certain that an examination of Subject Devices will comply with the Fourth Amendment and other applicable laws.

## IV.    TECHNICAL TERMS

13.    Based on my training and experience, I use the following technical terms to convey the following meanings:

a)    Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b)    Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c)    Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld

digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d)      PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

e)      IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static-that is, long-term-IP addresses, while other computers have dynamic-that is, frequently changed-IP addresses.

f)      Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

14.     Based on my training, experience, and research, I know that Subject Devices 4–6 have capabilities that allow them to serve as a digital camera and portable media player, and to access the internet and possess an IP Address.  Computers such as Subject Devices 4–6 also have the capability to connect to wireless telephones, digital cameras, portable media player, and PDAs and access or download files stored on those devices.  Subject Devices 1–3 and 7–10 are storage medium devices, which are capable of storing data and files that are received or generated by devices such as computers, laptops, tablets, wireless phones, and digital cameras and are often found as a component of these devices.  In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## V.    ELECTRONIC STORAGE AND FORENSIC ANALYSIS

15.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensic tools.

16.     There is probable cause to believe that items that were once stored on the Subject Device(s) may still be stored there, for at least the following reasons:

a)     Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium or viewed via the Internet.  Electronic files downloaded to a storage medium can be stored for years at little or no cost.  Even when files have been deleted, they can be recovered months or years later using forensic tools.  This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b)     Therefore, deleted files, or remnants of deleted files, may reside in free space or "slack space" - that is, in space on the storage medium that is not currently being used by an active file - for long periods of time before they are overwritten.  In addition, a computer's operating system may also keep a record of deleted data in a "swap" or

"recovery" file or in "link" files.

c)      Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it.  To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files.  Computer users typically do not erase or delete this evidence, because special software is typically required for that task.  However, it is technically possible to delete this information.

d)      As in the case with most digital technology, electronic communications and Internet activity can be saved or stored for retrieval at a later time.  Storing this information can be intentional, i.e., by saving an e-mail as a file on the computer, or saving one's favorite websites in, for example, "bookmarked" files.  Digital information can also be retained unintentionally, e.g., traces of the path of an electronic communication may be automatically stored in many places (e.g., temporary files or ISP client software, among others).  In addition to electronic communications, a computer user's Internet activity generally leaves traces or "footprints" in the web cache and history files of the browser used.  A forensic examiner often can recover evidence suggesting whether a computer contains peer to peer software, when the computer was sharing files, and some of the files which were uploaded or downloaded.  Such information is often maintained indefinitely until overwritten by other data.

e)      Additionally, based on my experience, knowledge, and training, and that of other agents with whom I have discussed this investigation, I am aware that persons trading in, receiving, distributing or possessing images involving the exploitation of children use online resources to retrieve and store child pornography, including services offered by Internet Portals such as Yahoo! and Google, Inc., among others.  The online services allow a user to set up an account with a remote computing service that provides e-mail services as well as electronic storage of computer files in any variety of formats.  A user

can set up and access an online storage account from any computer or related electronic device, or multiple such devices, with access to the Internet. Even in cases where online storage is used, however, in most cases evidence of these files can be found on any of the user's computers that accessed these files.

f)      Collectors and distributers of child pornography often access these online resources on multiple occasions to retrieve and build their collection of child pornography. Thus, these collections tend to include large quantities of images and files related to child pornography, whether stored in a remote online account or a digital file located on a specific device. In either instance, evidence of such storage is usually available with the use of forensic analysis equipment.

17.    Forensic evidence.  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how Subject Devices were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on Subject Devices because:

a)      Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b)      Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c)      A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d)      The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e)      Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

f)      I know that when an individual uses an electronic device to possess or access child pornography, the individual's electronic device will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain: data that is evidence of how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

18.     Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

19.     Manner of execution. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical

intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## VI.    CONCLUSION

20.    I submit that this affidavit supports probable cause for a search warrant authorizing the examination of Subject Devices described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Russell Quiniola
Special Agent
Federal Bureau of Investigation ("FBI")

Subscribed and sworn to before me on:    Nov. 12, 2019

The Honorable Kendall J. Newman
UNITED STATES MAGISTRATE JUDGE

Approved as to form by AUSA MIRA CHERNICK

# ATTACHMENT A

The property to be searched is ten electronic devices:

(i) a Beyond Micro brand Mobile Disk External Data Storage device, model number BMMDU2, grey and black in color, approximately eleven by four and a half by one inch in size (Subject Device 1); (ii) a Iomega brand Hard Drive, black in color, approximately ten by four and a half by one inch in size (Subject Device 2); (iii) a PNY Performance brand SD HC 16 Gigabyte (GB) Media Card, black in color, capable of storing 3.5 hours of HD video (Subject Device 3);  (iv) a Gateway brand desktop style computer, model SX2802, serial number PTGA1020080020208D3000, including all component parts (Subject Device 4); (v) HP Pavilion All-in-One computer, model TPC-Q017-23, serial number 8CC551028D, including all component parts (Subject Device 5); (vi) HP brand laptop computer, model Envy M4, serial number 4CN30406N2, including all component parts (Subject Device 6); (vii) SanDisk brand MicroSD card, 128 GB in size (Subject Device 7); (viii) Western Digital brand portable (external) hard drive, model WD5000 MCL, serial number WXNX08SF5879, 500 GB in size (Subject Device 8); (ix) Western Digital brand portable (external) hard drive, model WD10EAVS, serial number WCAU44615362, 1 Terabyte (TB) in size (Subject Device 9); (x) Western Digital brand portable (external) hard drive, model WD10EAVS, serial number WCAU47294270, 1 Terabyte (TB) in size (Subject Device 10); hereinafter the "Subject Devices." The Subject Devices are currently located at the FBI Redding Resident Agency Office, 1900 Churn Creek Road, Suite 201, Redding, CA 96002.

This warrant authorizes the forensic examination of Subject Devices for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT B**

1.  All records on Subject Devices described in Attachment A that relate to violations of 18 U.S.C. 2252 and involve William Dan Powell since January 1, 2015, including:

2.  Computers or storage media used as a means to commit the violations described above.

3.  For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

   a.  evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b.  evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c.  evidence of the lack of such malicious software;

   d.  evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

   e.  evidence indicating the computer user's state of mind as it relates to the crime under investigation;

   f.  evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

   g.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

   h.  evidence of the times the COMPUTER was used;

    i.   passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

    j.   electronic documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

    k.   records of or information about Internet Protocol addresses used by the COMPUTER;

    l.   records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

    m.   contextual information necessary to understand the evidence described in this attachment.

4.      Child pornography and child erotica.

5.      Records, information, and items relating to violations of the statute described above including

    a.   Records, information, and items relating to the occupancy of 1635 Lake Boulevard, Redding, CA 96003 or ownership of William Dan Powell, including utility and telephone bills, sales receipts, bills for Internet access, and handwritten notes;

    b.   Records and information relating to the identity or location of persons who may be victims, witnesses, or co-conspirators of the statute described above; and

    c.   Records and information relating to sexual exploitation of children, including correspondence and communications between persons using peer to peer software.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such

as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, SD cards, and other magnetic or optical media.

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

In the Matter of the Search of

IN THE MATTER OF THE SEARCH OF:

Ten electronic devices:
(i)      a Beyond Micro brand Mobile Disk External Data Storage device, model number BMMDU2, grey and black in color, approximately eleven by four and a half by one inch in size (Subject Device 1);
(ii)     a Iomega brand Hard Drive, black in color, approximately ten by four and a half by one inch in size (Subject Device 2);
(iii)    a PNY Performance brand SD HC 16 Gigabyte (GB) Media Card, black in color, capable of storing 3.5 hours of HD video (Subject Device 3);
(iv)     a Gateway brand desktop style computer, model SX2802, serial number PTGA1020080020208D3000, including all component parts (Subject Device 4);
(v)      HP Pavilion All-in-One computer, model TPC-Q017-23, serial number 8CC551028D, including all component parts (Subject Device 5);
(vi)     HP brand laptop computer, model Envy M4, serial number 4CN30406N2, including all component parts (Subject Device 6);
(vii)    SanDisk brand MicroSD card, 128 GB in size (Subject Device 7);
(viii)   Western Digital brand portable (external) hard drive, model WD5000 MCL, serial number WXNX08SF5879, 500 GB in size (Subject Device 8);
(ix)     Western Digital brand portable (external) hard drive, model WD10EAVS, serial number WCAU44615362, 1 Terabyte (TB) in size (Subject Device 9);
(x)      Western Digital brand portable (external) hard drive, model WD10EAVS, serial number WCAU47294270, 1 Terabyte (TB) in size (Subject Device 10);
CURRENTLY LOCATED AT the FBI Redding Resident Agency Office, 1900 Churn Creek Road, Suite 201, Redding, CA 96002.

Case No.

2:19  SW 1016  KJN

)
)
)
)
)
)

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

    An application by a federal law enforcement officer for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ California _____
*(identify the person or describe the property to be searched and give its location):*

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

    I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  ___8:53 A.m.___
                       ___Nov. 12, 2019___                    _____
                                                                      *Judge's signature*

City and state:    ___Sacramento, California___              ___Kendall J. Newman, U.S. Magistrate Judge___
                                                                   *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____          _____
Signature of Judge                                                    Date

# ATTACHMENT A

The property to be searched is ten electronic devices:

(i) a Beyond Micro brand Mobile Disk External Data Storage device, model number BMMDU2, grey and black in color, approximately eleven by four and a half by one inch in size (Subject Device 1); (ii) a Iomega brand Hard Drive, black in color, approximately ten by four and a half by one inch in size (Subject Device 2); (iii) a PNY Performance brand SD HC 16 Gigabyte (GB) Media Card, black in color, capable of storing 3.5 hours of HD video (Subject Device 3); (iv) a Gateway brand desktop style computer, model SX2802, serial number PTGA1020080020208D3000, including all component parts (Subject Device 4); (v) HP Pavilion All-in-One computer, model TPC-Q017-23, serial number 8CC551028D, including all component parts (Subject Device 5); (vi) HP brand laptop computer, model Envy M4, serial number 4CN30406N2, including all component parts (Subject Device 6); (vii) SanDisk brand MicroSD card, 128 GB in size (Subject Device 7); (viii) Western Digital brand portable (external) hard drive, model WD5000 MCL, serial number WXNX08SF5879, 500 GB in size (Subject Device 8); (ix) Western Digital brand portable (external) hard drive, model WD10EAVS, serial number WCAU44615362, 1 Terabyte (TB) in size (Subject Device 9); (x) Western Digital brand portable (external) hard drive, model WD10EAVS, serial number WCAU47294270, 1 Terabyte (TB) in size (Subject Device 10); hereinafter the "Subject Devices." The Subject Devices are currently located at the FBI Redding Resident Agency Office, 1900 Churn Creek Road, Suite 201, Redding, CA 96002.

This warrant authorizes the forensic examination of Subject Devices for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT B**

1.      All records on Subject Devices described in Attachment A that relate to violations of 18 U.S.C. 2252 and involve William Dan Powell since January 1, 2015, including:

2.      Computers or storage media used as a means to commit the violations described above.

3.      For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

       a.   evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

       b.   evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

       c.   evidence of the lack of such malicious software;

       d.   evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

       e.   evidence indicating the computer user's state of mind as it relates to the crime under investigation;

       f.   evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

       g.   evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

       h.   evidence of the times the COMPUTER was used;

    i.   passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

    j.   electronic documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

    k.   records of or information about Internet Protocol addresses used by the COMPUTER;

    l.   records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

    m.   contextual information necessary to understand the evidence described in this attachment.

4.    Child pornography and child erotica.

5.    Records, information, and items relating to violations of the statute described above including

    a.   Records, information, and items relating to the occupancy of 1635 Lake Boulevard, Redding, CA 96003 or ownership of William Dan Powell, including utility and telephone bills, sales receipts, bills for Internet access, and handwritten notes;

    b.   Records and information relating to the identity or location of persons who may be victims, witnesses, or co-conspirators of the statute described above; and

    c.   Records and information relating to sexual exploitation of children, including correspondence and communications between persons using peer to peer software.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such

as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, SD cards, and other magnetic or optical media.